UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: EX PARTE PETITION OF OASIS FOCUS FUND LP FOR AN ORDER OF JUDICIAL ASSDISTANCE PURSUANT TO 28 U.S.C. § 1782, | Case No.: 24-mc-1341-MMP<br><br>**ORDER:**<br><br>1. **DENYING PETITIONERS' EX PARTE MOTION FOR EXPEDITED BRIEFING; AND**<br><br>2. **REQUIRING RESPONSE FROM RESPONDENT TO PETITIONERS' APPLICATION**<br><br>[ECF No. 7] |

On August 7, 2024, Quadre Investments, L.P. and Oasis Focus Fund LP (collectively "Petitioners") filed an Ex Parte Application for an Order to Take Discovery in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 ("Application"). Petitioners seek to take limited discovery from TuSimple Holdings, Inc. ("TuSimple" or "Respondent") concerning its IPO and the fair value of its shares of SINA Corporation for use in a foreign shareholder appraisal proceeding pending in the Grand Court of the Cayman Islands ("Appraisal Proceeding"). [ECF No. 1-1.] Petitioners previously filed a Section 1782

1  application in this District against TuSimple in connection with the Appraisal Proceeding
2  in which Magistrate Judge Skomal issued a report and recommendation recommending the
3  subpoena to TuSimple be quashed. [See *In re Oasis Focus Fund LP*, No. 22-mc-0112-
4  BGS, ECF No. 24.] On June 3, 2024, the Cayman Court issued a ruling in the Appraisal
5  Proceeding which Petitioners contend confirmed discovery post-dating December 23, 2020
6  relating to TuSimple's IPO is relevant to the Appraisal Proceeding and discoverable. [ECF
7  No. 7 at 3.] According to Petitioners, the Cayman Court's June 3, 2024 ruling "removes a
8  key basis for the Court's denial of the Prior Application" and "provides sufficient basis for
9  Petitioners to now seek the narrowly tailored requested discovery in the [instant]
10 Application." [*Id.*]

On August 12, 2024, Petitioners filed an "Ex Parte Motion to Expedite Briefing and Resolution of Application and to Expedite Discovery" in which they request the Court set an expedited briefing schedule to ensure the discovery sought from Respondent is reviewed and incorporated into their experts' valuation reports prior to the current September 27, 2024 deadline. [ECF No. 7 (hereinafter "Motion to Expedite Briefing").] Specifically, Petitioners seek an order requiring Respondent to file an opposition by August 21, 2024, for Petitioners to file reply papers by August 27, 2024, and for any hearing to occur by August 29, 2024. [*Id.* at 2.] The basis for Petitioners' request is due to "impending deadlines in [the] Appraisal Proceeding." [*Id.* at 7–8.] Petitioners represent on August 8, 2024, one day after they filed the underlying Application, the parties to the Appraisal Proceeding agreed to extend the deadline for the parties' respective valuation experts to exchange their respective valuation reports from September 6, 2024 until September 27, 2024. [*Id.* at 5; ECF No. 1-5, Cecere Decl. ¶ 79.] Petitioners assert "[a]n expedited schedule to brief and resolve the Application is necessary to accommodate the September 27, 2024 deadline to exchange expert reports in order to allow the experts retained by the parties sufficient time to review and incorporate the requested discovery into their valuation reports." [*Id.* at 6.]

Respondent TuSimple opposes the requested expedited briefing. [ECF No. 10.] According to TuSimple, there is no exigency amounting to good cause because the Appraisal Proceeding has been pending since May 18, 2021, and the only basis Petitioners offer to warrant shortening time is a September 27, 2024 expert report deadline to which Petitioners agreed, the day after they filed this Application, without consulting TuSimple. [*Id.* at 3.] Further, TuSimple contends it "would face significant burdens if forced to comply with Petitioners' proposed deadlines" as it took over five months to brief these same issues in connection with the First Application. [*Id.* at 4.] TuSimple contends it needs sufficient time to prepare its opposition to the underlying Application including to review the docket and record in the Appraisal Proceeding to update its prior analysis. TuSimple also represents the discovery sought may be stored in the People's Republic of China ("PRC"), which will require further analysis and coordination particularly if any order requiring discovery implicates documents governed by PRC law. Accordingly, TuSimple requests the Court provide until September 23, 2024 to file an opposition.

Generally, a written motion or application and notice of a hearing must be served as least fourteen calendar days before the hearing. Fed. R. Civ. P. 6(c)(1); CivLR 7.1(e)(1) ("Unless the Court shortens time and except as otherwise specified in Civil Local Rule 7.1.e.6, any motion, application or notice of other matter requiring the Court's ruling, plus all necessary supporting documents, will require a minimum filing date of twenty-eight (28) days prior to the date for which the matter is noticed."); CivLR 7.1(e)(2) ("Except as otherwise specified in Civil Local Rule 7.1.e.1, each party opposing a motion, application, or order to show cause must file that opposition . . . not later than fourteen (14) calendar days prior to the noticed hearing."). Federal Rule of Civil Procedure 6(c)(1) recognizes an exception "when a court order—which a party may, for good cause, apply for ex parte— sets a different time." Fed. R. Civ. P. 6(c)(1)(C); *see* CivLR 7.1(e)(5) ("All applications for orders shortening time under these rules must be submitted ex parte, be accompanied by a proposed order, and be served on all opposing parties.").

"Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995) (internal citation omitted); *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140–41 (D. Nev. 2015) ("This system provides for the optimal functioning of the Court: the parties have sufficient time to develop and properly present their positions, and the Court has time to thoroughly analyze the arguments made and render a decision.").

Having considered the parties' briefing, and the procedural posture of the case, the Court does not find good cause for the expedited briefing schedule Petitioners request. According to Petitioners, the catalyst for filing the underlying Application was the Cayman Court's June 3, 2024 ruling, yet Petitioners waited over two months to file the Application with this Court. Petitioners do not contend the significance of the Cayman Court's ruling did not become clear until recently. Though Petitioners represent they informed Respondents of the Cayman Court's ruling and their intent to file the Application on July 10, 2024, and Respondent became nonresponsive on July 18, 2024, Petitioners do not explain why they waited several additional weeks to file the Application with the Court. Petitioners are responsible for their own delay in filing the Application and thus seeking a quicker resolution of the issues in this proceeding.

Furthermore, at the time Petitioners filed the Application, the relevant deadline was less than one month out, and one day after filing the Application, the parties to the Appraisal Proceeding agreed to extend the deadline to exchange expert valuation reports from September 6 to September 27, 2024. The fact this deadline was extended by agreement suggests the deadline is, at least to some extent, within Petitioners' control. Though Petitioners assert they will be prejudiced if the discovery sought is not obtained in time for experts' consideration in the Appraisal Proceeding, Petitioners do not suggest a further extension of the expert exchange deadline is unavailable, particularly as trial is in the Appraisal Proceeding is not until February 2025. [See ECF No. 1-1 at 13; ECF No. 1-5, Cecere Decl. ¶ 79.] While impending deadlines may establish good cause to expedite

briefing in certain cases, this is not a situation where a party seeks to expedite briefing based on newly discovery information or a change in circumstance outside their control. Finally, given the current procedural posture, the expedited briefing schedule Petitioners request would result in the parties' opportunities to prepare being unbalanced. *See Mission Power Eng'g Co.*, 883 F. Supp. at 490.

For the foregoing reasons, the Court does not find good cause exists for the expedited briefing schedule Petitioners request and therefore **DENIES** Petitioners' ex parte motion for an expedited briefing schedule. [ECF No. 7.]

Upon due consideration, the Court issues the following briefing schedule for Petitioners' Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery For Use In a Foreign Proceeding, ECF No. 1:

1. The Court **ORDERS** TuSimple to file a response to the Application by **September 10, 2024**.

2. Any reply by Petitioners must be filed by **September 17, 2024**.

Unless the Court directs otherwise, the ex parte Application will be deemed submitted on the papers upon the filing of Petitioners' reply or, if no reply is filed, as of the due date of the reply.

**IT IS SO ORDERED**.

Dated: August 20, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge